Filed 1/17/24  P. v. Bates CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B327277 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA450278) |
| v. | |
| PRENTISS BATES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen A. Marcus, Judge.  Affirmed.

Mark Yanis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Prentiss Bates appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and appellant filed a supplemental brief.  We review the contentions appellant raises in his supplemental brief and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts presented at appellant's trial are discussed in detail in this court's prior nonpublished opinion, *People v. Brown* (Nov. 26, 2019, B287726). We briefly discuss them here to provide context for the trial court's ruling. We otherwise do not rely on this factual background in resolving the issues presented in this appeal.  (See § 1172.6, subd. (d)(3).)

The Los Angeles County District Attorney charged appellant, along with four co-defendants, with the first degree murder of Trevon Lark (§ 187, subd. (a); count one), conspiracy to commit murder (§ 182, subd. (a)(1); count two), and shooting at an occupied motor vehicle (§ 246; count three).  The information also included firearm enhancement allegations (§ 12022.53; counts one and two) and gang enhancement allegations (§ 186.22, subds. (b)(1)(B) & (C); count three).  The information further alleged prior serious felony and strike convictions for appellant under section 667, subdivisions (a)(1) and (b)-(j), respectively.

The prosecution presented evidence at trial that appellant, his co-defendants, and the victim were all members of the Hoover gang.  In the early hours of August 29, 2015, the group attended a party at a marijuana dispensary in Los Angeles.  Two of the co-

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

defendants left the party, returned with guns, and then the group got into three cars and left with a plan to kill rival gang members. Appellant drove one car, occupied by two armed co-defendants. At one point, those co-defendants opened fire on the car containing the victim, who was shot and died a short time later.

In September 2017, the jury found appellant guilty as charged and found true all enhancement allegations. The court found that appellant had suffered a prior conviction qualifying as both a strike and a prior serious felony. The court sentenced appellant to a total of 80 years to life in prison. A different panel of this court affirmed appellant's conviction, but struck certain enhancements and remanded the matter to allow the trial court to exercise its discretion whether to strike the prior serious felony conviction enhancements as to appellant and Brown. (*People v. Brown, supra*, B287726).

In July 2021, appellant filed a form petition for resentencing under former section 1170.95, now section 1172.6.[2] The court appointed counsel for appellant. The People opposed the petition, arguing that appellant was ineligible for relief as a matter of law because the jury was not instructed on the theories of natural and probable consequences or felony murder. The People asserted that instead, the sole theory pursued at trial was that appellant "was an aider and abettor to a gang murder as well as a participant to a conspiracy to commit murder," and that the jury was instructed only as to direct aiding and abetting. The People further argued that appellant's conviction for conspiracy

---

[2]    Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

3

to commit murder precluded relief. The People attached as exhibits the jury instructions and verdict forms from the trial, this court's opinion from appellant's direct appeal, and the transcript from appellant's sentencing hearing. Appellant filed a reply brief, arguing that he was not the actual killer or a major participant, the trial court should not rely on the prior appellate opinion to make factual findings, and appellant had established a prima facie case.

The superior court denied the motion on the grounds that appellant failed to demonstrate prima facie entitlement to relief. At the hearing on the petition, the court noted that in addition to the submitted materials, it had reviewed the transcript of closing arguments from the trial. The court summarily denied relief on the basis that no jury instructions were given regarding natural and probable consequences or felony murder. The court also found support from "the fact that I was the trial judge in this matter, . . . did read the closing argument last night . . . and I determined that all the People did was pursue a malice murder theory in this case." The court also stated it had considered that appellant was convicted of conspiracy to commit murder, "which had the implications that the jury found, that he had specific intent." The court thus concluded that appellant failed to make the requisite prima facie showing for relief under section 1172.6.

Appellant timely appealed.

## DISCUSSION

Appellant's appointed attorney filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. This court advised appellant of his right to file a supplemental brief (see *Delgadillo, supra*, 14

4

Cal.5th at pp. 231-232), and appellant did so. We evaluate the arguments set forth in that supplemental brief. (See *id.* at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Appellant's supplemental brief does not raise any arguments relevant to his section 1172.6 petition for resentencing. Instead, he asserts his innocence and argues that there was insufficient evidence to sustain his conviction. He also raises issues of jury instruction error and ineffective assistance of counsel. None of these arguments establish any error with respect to the trial court's denial of appellant's petition for resentencing at the prima facie stage. We therefore affirm.

## DISPOSITION

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

CURREY, P.J.

ZUKIN, J.

5